UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BEKA ONE, LLC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 5:23-cv-00064 |
| v. | § § | |
| RLI INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Beka One, LLC (hereinafter referred to as "Plaintiff") by and through its attorney of record and files this Complaint for Damages caused by RLI Insurance Company (hereinafter referred to as "Defendant"). In support of such claims and causes of action, Plaintiff would respectfully show this Honorable Court as follows:

**INTRODUCTION**

1. Plaintiff's Property sustained severe and increasing loss because of a covered weather event, namely a hailstorm that occurred on May 27, 2020. In the aftermath, Plaintiff relied on its insurance company to help it recover and rebuild with respect to Policy number RKA0300001. (Exhibit 1). However, contrary to Defendant's representation to Plaintiff, Defendant improperly adjusted Plaintiff's claim number 00489674. Plaintiff has therefore not received the coverage it purchased and is now required to take legal action to ensure it gets what is owed to it.

1

## PARTIES

2. Plaintiff, Beka One, LLC is a Limited Liability Company having its principal office located at 5617 Saint Peter Dr., Plano, TX 75093. Plaintiff owns the property located at 903 E. Bitters Rd., San Antonio, TX 78216 (hereinafter referred to as the "Property"). The above-mentioned Plaintiff comprises of the following members:

   a) Bardia Baheri, residing at 5617 Saint Peter Dr, Plano, Texas 75093

   b) Khashayar Baheri, residing at 5828 Lennox Hill Dr, Plano, Texas 75093

3. Defendant, RLI Insurance Company is headquartered at 9025 N. Lindbergh Drive Peoria, Illinois 61615 and registered to do business in the State of Texas. Defendant may be served with process by serving Defendant's registered agent for service, Corporation Service Company, CSC-Lawyers Incorporating Service Company, 211 E 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§1332(a)(1) because of the diversity of citizenship of the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## FACTUAL BACKGROUND

6. Plaintiff and Defendant entered into an insurance agreement governed by the terms of the insurance policy bearing number RKA0300001, wherein Defendant, in exchange for a yearly premium, agreed to cover any and all expenses incurred by Plaintiff in the course of restoring its Property from damages that were not excluded in the insurance agreement.

7. Plaintiff's Property sustained a severe and increasing loss, as a result of a covered weather-related event, namely a hailstorm, which caused significant roof damage to the Property on or about May 27, 2020.

8. Following the discovery of the Property damage, Plaintiff notified Defendant of the same, and Defendant opened claim number 00489674.

9. After being informed of the damage to Plaintiff's property, Defendant retained Engle Martin & Associates on or around October 16, 2020, as a third-party adjuster for the claim. Shortly thereafter, Engle Martin & Associates authorized Nelson Forensics, LLC to evaluate the mechanical equipment at the subject structure and determine the intensity of the damage. On December 21, 2021, Nelson Forensics submitted a Storm Distress Evaluation and a Mechanical Equipment Hail Distress Evaluation to Engle Martin.

10. On January 28, 2021, Defendant sent a denial letter informing Plaintiff that the reports issued by Nelson Forensics indicated that the damage to the roof of the property was cosmetic in nature and therefore not covered under the policy. The letter further stated that Engle Martin would complete an estimate for condenser coil repair in order to see if it met the deductible, but no other part of the damages to the Property would be estimated.

11. Engle Martin subsequently retained J. S. Held to review and inspect the Property and provide an estimate of the mechanical damage. J. S. Held released this estimate on or about February 1, 2021 and estimated that replacing the damaged parts of the HVAC units would cost a total of $2,730.05. Following this estimate, Defendant sent another letter to Plaintiff, stating that J. S. Held's estimate valued the repairs as under the deductible, therefore it would not be tendering any payment.

12. Plaintiff retained Cram Roofing Company to perform minimal repairs to the property on or around March 16, 2021. Cram Roofing repaired the front door window and tracked, located,

and repaired multiple cuts/punctures and loose patches on the field of the roof and room five for a total of $690.09.

13. On or about August 25, 2021, Cram Roofing again worked on Plaintiff's property. Temporary and permanent repairs were carried out to address issues with the voids on the base flashing membrane on the roof curbs and pitch pans, as well as punctures and cuts on the roof membrane. These repairs totaled $1,840.25.

14. Frustrated with the slow-moving claims process, Plaintiff retained the services of Needham Rice & Associates LLC on or about April 29, 2021, to assist with the claim process.

15. Integrity Solutions Mechanical LLC ("ISM") was later retained by Plaintiff to investigate and evaluate the property damage as well as make recommendations regarding repairs to the HVAC and refrigeration equipment. On or about October 28, 2021, ISM released their report, which stated that enough hail damage was found to recommend full coil replacement versus attempting to repair the existing ones. Based on this report, ISM also prepared an estimate totaling $102,093.10 to fix the damage.

16. On or about January 11, 2022, Needham Rice sent an email to Defendant, inquiring as to whether it intended to make a payment related to the HVAC systems. Defendant responded on or about February 8, 2022, reiterating the position outlined in their previous denial letter that the loss amount was less than the deductible; therefore, it would still not be tendering payment.

17. After experiencing repeated issues with two HVAC units in particular, Plaintiff retained Cool Planet Air to provide an estimate to fix the damage to those units. On or about February 9, 2022, Cool Planet Air provided their estimate in the amount of $23,675.36 to Plaintiff.

18. On or about April 21, 2022, Needham Rice released an updated estimate of the damages to the property in the amount of $1,152,265.65. This estimate reflected the total known damages to the property with updated pricing.

19. Plaintiff has responded to every piece of communication, request, and/or demand requested by Defendant throughout the claims handling process. Plaintiff made a timely and complete claim and cooperated in every aspect of the claim resolution process. Despite this, it has been unfairly and unjustifiably delayed. This delay has now compounded the loss at the Property, all of which stands in stark contrast to the representations made to Plaintiff by its carrier when it purchased the policy. Such conduct exposes Defendant to certain causes of action under Texas law.

20. Defendant has a contractual obligation to pay the full amount of the covered loss, including the costs to repair, restore and/or replace the damage to the Property less any applicable deductible.

21. Defendant has denied Plaintiff's Property claim based on an inadequate investigation and analysis of the damages to Plaintiff's Property resulting from the covered loss.

22. Despite Defendant's failure to properly adjust the claim, the Policy unambiguously ensures the covered loss and resulting damages.

23. As a result of Defendant's failure to adequately investigate Plaintiff's covered loss and failure to pay for all of the damages as required by its insurance policy, Plaintiff has been unable to make all the required repairs.

24. Defendant's failure to properly adjust the claim and its refusal to pay for the true value of the covered loss to the Property has left Plaintiff with no choice but to hire its own professionals, incurring costs and expenses associated with proper evaluation and investigation of Plaintiff's covered loss.

25. The significant effect of Defendant's wrongful and unjustified delays and refusal to tender due and owing Policy proceeds and benefits is that Plaintiff detrimentally relied upon the contract of insurance it entered into with Defendant and remains without the benefit of the bargain.

26. As a result of Defendant's failure to honor its obligations and duties under the Policy, Plaintiff was forced to retain the services of legal counsel to protect its rights and remedies under the Policy and as an insured.

27. As of the date of filing of Plaintiff's Original Petition, Plaintiff has met and complied with all conditions precedent and duties under the subject insurance policy, and all such conditions and duties have been waived by Defendant.

## CLAIMS AGAINST DEFENDANT

28. All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, or representatives. Such was done with Defendant's full authorization or ratification and was completed in the routine course and scope of employment of Defendant.

## BREACH OF CONTRACT

29. Plaintiff entered into a valid and enforceable written insurance contract with Defendant pursuant to the laws of Texas and hereby incorporates by reference the allegations of paragraphs 1 through 26 above as though fully stated herein.

30. Defendant sold, in exchange for valuable consideration, the Policy, whereby Defendant agreed to pay for, *inter alia*, direct physical loss to the Property resulting from any peril not otherwise excluded within the Policy.

31. Plaintiff fulfilled all of its obligations under the policy, including the payment of certain premiums to secure insurance on its dwelling and personal Property.

32. Defendant's refusal to pay the full value of the damages to the Property constitutes a breach of contract.

33. Due to Defendant's breach of the terms of the insurance policy at issue, Plaintiff has sustained damages by way of unpaid insurance proceeds and benefits, has been forced to retain counsel, and has further been damaged by a sum to be determined at trial and final judgment.

34. Plaintiff's damages include, without limitation, actual damages, interest, and consequential damages, including without limitation, attorneys' fees, costs, resulting damages from required remediation, and other foreseeable costs and expenses as a result of the breach of contract by the Defendant.

35. The contract outlined obligations to be performed by both Plaintiff and Defendant, including but not limited to, Plaintiff paying policy premiums for its insurance coverage, and Defendant then providing said coverage for claims in the event of covered damage.

36. Plaintiff fully performed its contractual obligations by making policy premium payments and timely reporting covered losses upon its discovery, as required by the insurance contract with Defendant.

37. In direct contrast, Defendant materially breached the contract by failing to provide adequate coverage following the underlying claim filed by Plaintiff. Moreover, despite filing a claim which notified Defendant of this loss, Plaintiff has yet to receive full compensation for its covered damages as required by the insurance contract purchased.

38. In addition to the above, Plaintiff has previously given notice pursuant to Chapter 38.001 of the Civil Practice and Remedies Code, that it will seek all available attorney's fees, costs of court, penalties, and any additional remedies recoverable under Texas law.

## **BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING**

39. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 38 above as though fully stated herein.

40. There is an implied covenant of good faith and fair dealing in the insurance contract between Defendant and Plaintiff.

41. Defendant had no reasonable basis for denying the benefits of the insurance policy, and Defendant knew of or recklessly disregarded, the lack of any such reasonable basis. The reckless indifference of Defendant to the facts or to the law can be inferred and imputed from its actions as specified in the facts above.

42. Defendant has, in violation of the covenant of good faith and fair dealing, hindered the timely resolution of Plaintiff's insurance claim.

43. Instead of working through the differences in the claim with Plaintiff or its representative, Defendant chose to retain someone else who would undervalue the damages in order to support Defendant's refusal to pay the full value of the damages to the Property.

44. Defendant's reckless indifference to the facts, evidence, and the proof submitted by Plaintiff amount to a breach of Defendant's fiduciary responsibility for good faith and fair dealing owed to Plaintiff, the insured.

45. As a direct and proximate result of Defendant's bad faith and/or its unfair Property and casualty settlement practices, Plaintiff has sustained compensatory damages, consequential damages, pre- and post-judgment interest, attorneys' fees, engineer's fees, costs, and expenses.

## VIOLATIONS OF CHAPTER 542 OF THE TEXAS INSURANCE CODE

46. Plaintiff incorporates by reference all facts and circumstances set forth within the above paragraphs.

47. Defendant's actions constitute certain violations of Chapter 542 of the Texas Insurance Code, as Plaintiff remains unpaid since the underlying covered event occurred.

48. Specifically, Defendant has violated Section 542.058 of Chapter 542 of the Texas Insurance Code, in failing to adhere to the statutorily prescribed deadlines in the handling, adjustment, and payment of insurance claims. Defendant has possessed all necessary information to pay this claim which is objectively deficient.

49.     As a result of the above-referenced violations and acts committed by Defendant, and in accordance with Section 542.060 of the Texas Insurance Code, Defendant is liable to pay Plaintiff, in addition to the amount of the claim, simple interest on said amount as damages. The same is to be calculated each year, at the rate determined on the date of the judgment under governing Texas law. Plaintiff is further entitled to prejudgment interest on the amount of the claim, as provided by law. Interest awarded under this subsection as damages accrue beginning on the date the claim was required to be paid.

50.     As a result of Defendant's Texas Insurance Code violations, Plaintiff has also been forced to retain the legal services of the undersigned attorneys to protect and pursue the present claims on its behalf. Accordingly, Plaintiff also seeks to recover its court costs, reasonable and necessary attorneys' fees as permitted under governing Texas law, as well as any other such damages to which Plaintiff may be justly entitled.

## DAMAGES

51.     Defendant's conduct has been the producing or proximate cause of damage to Plaintiff, and Plaintiff, therefore, seeks an amount in excess of the minimum jurisdictional limits of this Court.

52.     Plaintiff is clearly entitled to statutory penalty interest damages, attorney's fees, and cost of court, as allowed under Section 542 of the Texas Insurance Code.

## ATTORNEY FEES

53.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

54.     A jury trial has been requested and the appropriate fee has been tendered.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that it be awarded actual damages in excess of the minimum jurisdictional limits of this Court, pre-and post-judgment interest as allowed by law, costs of suit, all such additional relief specified within this Complaint for Damages, and for all such other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Jacob S. Langley*
Jacob S. Langley
Georgia Bar No. 713503
Zerbe, Miller, Fingeret, Frank & Jadav, LLP
3009 Post Oak Blvd., Suite 1700
Houston, Texas 77056
Telephone: (713) 350-3523
Fax: (713) 350-3607
jlangley@zmflaw.com

ATTORNEY FOR PLAINTIFF